Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the Middle

District of Florida

Division

Case No. 8:21-cv-1556-mss-TGW

*(to be filled in by the Clerk's Office)*

Marlon Blacher j
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

"Injunctive Relief Sought"
"Three Judge District Court Requested"

Pasco County, (see attached)
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---



Defendants

Pasco County Sheriff's Office, Chris Nocco, S. Jenkins,
Sinisoli, "John Doe"-1, "John Doe"-2, Gay, P.
Marshalla, and C. Dittmer; also Perez.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name — Marlon Jessie Blacher

All other names by which you have been known: — N/A

ID Number — 548081

Current Institution — Land O' Lakes detention facility

Address — 20101 Central Blvd.

Land O' Lakes — Florida — "34637"
City — State — Zip Code

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name — Pasco County

Job or Title *(if known)* — County

Shield Number — don't know

Employer — State of Florida

Address — 8700 Citizen Drive

New Port Richey — Florida — "34654"
City — State — Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

Name — Pasco County Sheriff's Office

Job or Title *(if known)* — Office

Shield Number — don't know

Employer — Pasco County

Address — 8700 Citizen Drive

New Port Richey — Florida — "34654"
City — State — Zip Code

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name    Chris Nocco

Job or Title *(if known)*    Sheriff

Shield Number    don't know

Employer    Pasco County

Address    8700 Citizen Drive

New Port Richey    Florida    "34654"
City      State      Zip Code

☑ Individual capacity    ☑ Official capacity

Defendant No. 4

Name    S. Jenkins

Job or Title *(if known)*    Major / Court Services Bureau Administrator

Shield Number    don't know

Employer    Pasco County Sheriff's Office

Address    20101 Central Blvd.

Land O'Lakes    Florida    "34637"
City      State      Zip Code

☑ Individual capacity    ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     ☐ Federal officials (a *Bivens* claim)

     ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Conspiracy against rights by means of willful and malicious violation of : Amendments I, IV, V, IX, XIII, and XIV § 1.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5

Name        Sirisoli

Job or Title        Captain

Shield Number        don't know

Employer        Pasco County Sheriff's Office

Address        20101 Central Blvd.

Land O'Lakes   Florida   "34637"


Defendant No. 6

Name        "John Doe" — 1

Job or Title   Jail deputy (of the sort referenced "Green Team")

Shield Number   don't know

Employer        Pasco County Sheriff's office

Address        20101 Central Blvd.

Land O'Lakes   Florida   "34637"


Defendant No. 7

Name        "John Doe" — 2

Job or Title   Jail deputy (of the sort referenced "Green Team")

Sheild Number   don't know

Employer        Pasco County Sheriff's Office

Land O'Lakes   Florida   "34637"

Defendant No. 8

Name    P. Marshello

Job or Title    Sgt.

Shield Number    don't know

Employer    Pasco County Sheriff's office

Address    20101 Central Blvd.

Land N'Lakes  Florida    "34637"


Defendant No. 9

Name    Gay

Job or Title    jail deputy

Shield Number    don't know

Employer    Pasco County Sheriff's office

Address    20101 Central Blvd.

Land N'Lakes  Florida    "34637"


Defendant No. 10

Name    C. Dittmer

Job or Title    jail deputy

Shield Number    don't know

Employer    Pasco County Sheriff's office

Address    20101 Central Blvd.

Land N'Lakes  Florida  "34637"

Defendant No. 11

Name _____ Perez _____

Job or title ___ jail deputy (laundry) _____

Shield Number ___ don't know _____

Employer ___ Pasco County Sheriff's office _____

Address ____ 20101 Central Blvd.

_____ Land O'Lakes ___ Florida ___ "34637"

7

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

The Defendants are, at all times mentioned throughout this Complaint, acting under authority extended to them by the State of Florida.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☑ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

At Land O' Lakes detention facility at its Bravo 600 location.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Wed. 06-09-21; Thurs. 06-10-21; and Fri. 06-11-21.

_____

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1) Defendants: "John Doe"-1; and "John Doe"-2 — Both Defendants are employees of Defendant Pasco County, in Defendant Pasco County Sheriff's office, under Defendants Nocco, Jenkins, and Sirisoli, at Land O' Lakes detention facility, which is equipped with video surveillance cameras; as jail deputies (of the sort commonly referenced "Green Team" by the detainees held at said facility) and on Wed. 06-09-21, (See attached pages)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Shortness of breath — with severe abdominal pain — with severe headache and the Plaintiff have documented heart issues but Defendants "John Doe" and "John Doe" denied me access to medical and the medical dept. staffing persons fail to follow-up on the request presented. Also, the Plaintiff suffer continuing pain in the neck and back, which the medical treatment/response is prescription of over-the-counter Tylenol for a period of seven (7) days; no x-rays, no specialist consultation, etc; said Tylenol was not provided.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Declare the rights, privileges, immunities, duties, and obligations of the parties. Issue an order enjoining the Defendants from imposing; or having, any contact with/upon the Plaintiff. Order the Defendants to pay nominal/punitive/compensatory damages to the amount of $10,000.00 per Defendant, per constitutional violation; per count; and order any further relief that the Court deem adequate and necessary to cure the violations.

facts (cont'd)

at approx. 11:30 AM, said Defendants, along with a gaggle of said Defendants' comrades, storm, into the portion of the jail that is used to execute pretrial detention of Marlon Blacher, hereinafter "Plaintiff," wherein no riot, nor distur-bance, nor breach of the peace is transpiring, yelling and screaming saying, "Get Doo wwwnn! Get on the ground!", at the pretrial detainees whom are all presently peaceably existing at said location; the only breach of the peace trans-piring at said location and time is parpetrated by said Defendants and said Defendants' comrades whom some are armed with firearm looking weapons that are held at the ready position and are aimed at various pretrial detainees, including the Plain-tiff, who does not evince any actual/imminent threat to any man, woman, person, or property. Many of the aforesaid deputies enter the aforesaid location with their hands balled into fists, faces twisted into snarls, and postured into crouches as if ready to pounce. The Plaintiff is not a Citizen, nor resident, of the State of Florida, but the Defendants to this present cause of action are Citizens/residents of the State of Florida.

At the time of the aforesaid belligerent entry the Plain-tiff is peaceably sitting in front of the tablet device, that is affixed to the wall, doing legal research and the Plaintiff is one diagnosed by mental health professionals as suffering PTSD and depression, which subsequent to the shock from said entry the Plaintiff begin experiencing shortness of breath, severe abdominal pain, and severe headache,

10

facts (cont.)

nevertheless, the Plaintiff is compelled (vi et armis) to lay prone on the filthy, bacteria infested, floor by the incoming jail deputies. Next, Defendant "John Doe"—1 approach the Plaintiff and demand that the Plaintiff put the Plaintiff's face onto the floor and the Plaintiff reply by making known the aforesaid health related symptoms to Defendant "John Doe"—1 ~~demand~~ requesting medical services, in response De—fendant "John Doe"—1 demand that the Plaintiff place the Plaintiff's hands behind the Plaintiff's back then affix hand-cuff restraints on the Plaintiff and thereafter "John Doe"—1 use his arm to forcibly move the Plaintiff's head in a plain effort to force the Plaintiff's face onto the floor, the pressure from such pushing place substantial strain on the Plaintiff's neck. The location where these events transpire is equipped with video surveillance cameras, also, both Defendants "John Doe"—1 and "John Doe"—2 are wearing body camera devices, so that video surveillance footage should be available to gather for evidence in the present cause of action.

Next, Defendant "John Doe"—2 approach the Plain-tiff demanding that the Plaintiff roll-up onto a sitting po-sition so that the Plaintiff can be assisted to a standing position, because the aforesaid handcuff restraints remain affixed, and the Plaintiff make known to Defendant "John Doe"—2 the aforesaid symptoms that the Plaintiff is ex-periencing, and the added symptom of numbness in the Plaintiff's legs, but Defendant "John Doe"—2 respond by

facts (cont'd)

pulling the Plaintiff to a standing position, with the assist-
ance of Defendant "John Doe"—1, who arrive during the
Plaintiff's dialogue with Defendant "John Doe"—2, and dis-
regard the Plaintiff's request for medical attention. Then,
Defendants "John Doe"—1 and "John Doe"—2 begin to forcibly
take the Plaintiff to the recreation location and while
being pulled the Plaintiff ask, "So are y'all just gonna deny
me medical treatment," which in reply Defendants "John Doe"—
1 and "John Doe"—2 push the Plaintiff's head toward the
ground, while simultaneously pulling the Plaintiff's arms in an
upward arc, all while compelling (Vi et armis) the Plaintiff to
continue walking, and these events transpire while the
Plaintiff's hands remain cuffed behind the Plaintiff's back and
where the Plaintiff cannot possibly pose any actual/imminent
threat to any man, woman, person, or property. Such pushing
and pulling acts of the Defendants can only be intended to
cause pain/discomfort/injury to the Plaintiff, and since such
battery perpetrated against the Plaintiff continuous and
substantial pain in the Plaintiff's back and neck area has
affected the Plaintiff, despite making known such matters
to the medical dept. persons no physical examination, x-
ray, etc. has been conducted and the Plaintiff is left to
suffer such pain without any medical treatment.

    Both Defendants "John Doe"—1 and "John Doe"—2
are without nametags or have such nametags covered,
presumably to conceal their identity, but the Plaintiff
expressly ask said Defendants for their names, yet, neither

Facts (cont.)

Defendant respond to such request. Defendants "John Doe" —1 and "John Doe"—2 then compel (vi et armis) the Plaintiff to sit on the filthy, bacteria infested, floor of the recreation location (anti bacterial soap/hand sanitizer is not made available here at Land O' Lakes to the Plaintiff and in this present COVID~19 era undue exposure to filth and bacteria is a threat in and of itself) and leave the Plaintiff there with- out identifying themselves, nor alerting the medical department staffing persons regarding the aforesaid symptoms the Plaintiff experience. A refusal to summon medical staff create a risk to the life/limb of the Plaintiff, the afore- said battery Defendants "John Doe"—1 and "John Doe"—2 perpetrate against the Plaintiff create a risk to the life/ limb of the Plaintiff, and by the hostile environment be- tween staff—to—detainees that plainly exist at Defendant Pasco County's Land O' Lakes detention facility said threat is capable of repetition.

   2) Defendants: Gay and Marshallo —— The indoor temp. at Defendant Pasco County's Land O' Lakes detention facility is willfully and maliciously set cruel and unusually cold whereby most of the staffing persons wear sweaters/ long sleeved shirts/jackets to remain warm but the men held pretrial detained are not provided with sweaters, nor long sleeved shirts, nor jackets, and not even an undershirt to keep warm, so it is clear that the cold climate is by intent and design to create uncomfortable living conditions for the pretrial detained men and an

13

Thurs., 06-10-21, at approx. 11 AM the Plaintiff attempt to present a grievance form, that seek administrative remedy for said cold temp. conditions (See Exhibit "A".), to Defendant Gay whom ask the Plaintiff what the grievance is about, and the Plaintiff make known to Defendant Gay that it concern the unreasonably cold indoor temp., then Defendant Gay refuse to process said grievance form (See id.) and assert that the Plaintiff must wait for Defendant Marshello to do his rounds and present it to Marshello for processing, notwithstanding, that the formally expressed grievance policy is without any stipulation that a grievance form must be presented to a particular jail deputy for processing; said cold temp. issue is exacerbated by returning into such cold temp. environment from the one hour recreation time, which transpire at the hot and muggy outdoor temp., as well as returning to such cold temp. after exiting the warm shower, because it subject the Plaintiff to extreme temp. change which is known to cause cold/flu/pneumonia, and quite possibly even COVID-19, illness, whereby the physical ailment effecting the Plaintiff adversely effect the Plaintiff's immune system and the Plaintiff becoming effected by flu, pneumonia, or COVID-19 could prove fatal to the Plaintiff.

At approx. 2 PM Defendant Marshello enter the pod and the Plaintiff approach Defendant Marshello to present the aforesaid grievance (See Id.) but Defendant Marshello refuse to accept and process said grievance, Defendant

facts (cont.)

Marshello falsely promise that he will return later in the day "to deal with it" but Defendant Marshello never return. Defendants Gay and Marshello act willfully, maliciously, and collusively to arbitrarily make the grievance procedure unavailable to the Plaintiff and in accomplishing such said Defendants collusively continue the cold temp. issue, because there is no legitimate goal to denying the Plaintiff access to the grievance procedure, nor to maintaining a cruel and unusually cold indoor temp. it is evident that the aim of said Defendants is punitive.

   3) Defendant : Dittmer — On Fri., 06.11.21, at 9:55 AM, the Plaintiff speak with Defendant Dittmer to request five (5) grievance forms and Defendant Dittmer ask the Plaintiff what would the grievances concern, then the Plaintiff make known to Defendant Dittmer that the grievances concern the events that transpire on Wed., 06.09.21, and involve : the placing of handcuff restraints on the Plaintiff where the Plaintiff does not pose an actual/imminent threat to any man, nor woman, nor person, nor property, and where the Plaintiff does not perpetrate any manner of breach of the peace, which constitute false imprisonment ; the denying the Plaintiff of access to medical care ; the execution of a search in retaliation for filing grievances; the willful and malicious scattering of the Plaintiff's belongings all over the cell so that the Plaintiff is compelled to clean up said cell, i.e. forced labor, upon the Plaintiff's return to said cell; and the pushing of my head and pulling of my arms to a manner that strain my

facts (cont.)

neck and back. Defendant Dittmer reply by asserting: "None of those things are grieveable. A deputy can place restraints on you any time we feel the need to." Defendant Dittmer refuse to render the grievance forms to the Plaintiff, making administrative review/remedy unavailable to the Plaintiff.

Defendant Dittmer refuse to render the grievance forms to the Plaintiff in order to cover-up the lawlessness with which Defendant Dittmer's comrades act, including the battery that Defendants "John Doe"—1 and "John Doe"—2 perpetrate against the Plaintiff and unduly extend impunity to said comrades because most jail and prison stoffers have knowledge that the courts require exhaustion of the grievance procedure prior to hearing claims and that by refusing to render grievance forms, or otherwise frustrating grievance efforts, it is made possible that the courts will not address the merits of such claims, which then the claims go completely unheard, and such is presumably the intent of Defendant Dittmer in refusing the grievance forms; Maleficia non debent remanere impunita, et impunitas continuum affectum tribuit deliaquandi. (Evil deeds ought not to remain unpunished and impunity affords continual incitement to wrongdoing. 4 Coke 45.) There has been other instances where Defendant Dittmer and other jail deputies refuse to give the Plaintiff grievance forms, and the Plaintiff has witnessed other men whom are held pretrial detained attempt to get grievance forms from such deputies whereby the same manner of refusal transpire, which evinces a custom of

16

facts (cont.)

grievance procedure frustration, and such a systematic, continuing, cover-up perpetrated to extend impunity, which affords continual incitement to wrongdoing, create a system of lawlessness which establish continuing actual/imminent threat to the Plaintiff's life/limb.

4) Defendants: Perez and Marshello — On 05-17-21, at approx. 7:15 AM during what is referenced "uniform exchange", Defendant Perez threw the uniform toward the Plaintiff's head area with force and aggression, which cause the Plaintiff to put the Plaintiff's hand in the path of the flying uniform and when said uniform make contact with the Plaintiff's hand the pants leg of said uniform unravel and the bottom of said pants leg hit the Plaintiff's right eye with a violent popping/snapping motion, thereafter, vision in said eye become blurred and a continuing pressure type of pain develop in said eye; such throwing execute to a pattern where almost every uniform exchange Defendant Perez was throwing, violently and with force, the uniform toward the Plaintiff's head area. During the aforesaid 05-17-21 day and time a man held pretrial detained, that is standing in line ahead of the Plaintiff, speak to Defendant Perez regarding the manner of which Defendant Perez throws the uniform at him and in reply Defendant Perez scoff at the detainee saying "Next time I'll throw it farther."

The Plaintiff put in a request to the medical dept. for consultation regarding the blur and pain in the Plaintiff's eye which initially a nurse merely prescribe over-the-counter tylenol but after some time a different nurse speak

17

Facts (cont.)

with the Plaintiff acknowledging that she take notice of redness in the Plaintiff's eye and asserting that she believe it to stem from an eye infection, which prior to the aforesaid encounter with Defendant Perez there is no blurred vision, nor redness, nor pain, in the Plaintiff's eye, and subsequently the Plaintiff is put on some manner of eye treatment, that is administered at both the morning and evening medication line for a time of at least seven days and the nurse that prescribe such eye treatment assert that the Plaintiff will be scheduled "to be seen by the provider" but to the date of the present complaint such appointment has not transpired. The Plaintiff present a grievance, by means of the tablet device, on the matter and such grievance is referenced by # 126593322.

On or about the 5th day of June, 2021, Defendant Mar- shello unduly cancel the aforesaid grievance asserting the following:

"I contacted Medical and they advised me you were triaged for your complaint of injury and cleared, due to an injury not being observed by the Medical staff. You have not submitted another medical claim since 05/21/21. I have personally walked through your housing unit several times and I have never been addressed about your complaint or injury. If you require additional medical attention, submit another Medical Request. In addition, deputies are not trained to be hostile toward inmates. Your grievance is rejected, as Deputy Perez tossing you a clean uniform does not violate your Constitutional rights."

Again, the Plaintiff has some type of eye salve applied by the nurse at both morning and evening medication line for a mini- 'mum of seven (7) consecutive days, thus, the aforesaid

18

facts (cont.)

assertion "an injury not being observed by the Medical staff" is false, and when the Plaintiff present a medical request that make known the issue and the pertinent facts surrounding the issue, it isn't necessary, or at least it shouldn't be necessary, to continue presentation of repeat medical request. Further, there is no stipulation in any formal policy/procedure that Defendant Marshallo must be "addressed" about a complaint or injury, thus, it is clear that Defendant Marshallo's cancellation of the Plaintiff's griev-ance is arbitrary, perpetrated to unduly extend impunity to Perez, which affords incitement to Perez to continue wrongdoing and create a potential for repetition of similar conduct or even worse.

Defendant Marshallo's conclusion that, "Deputy Perez tossing you a clean uniform does not violate your constitution-al rights," is most telling in that Defendant Marshallo, whom is supposed to be a conservator of the Peace and one charged with "maintaining lawful custody" of the Plaintiff deem it proper that one of his comrades throw items at the Plaintiff, it evidences what skewed meaning of lawful custody the Defendants hold and act upon. The Plaintiff present a grievance for remedy to Defendant Marshallo's cancellation of the other grievance but no reply/response issue. Defendant Perez still appear for the uniform exchange times and Defendant Perez still continue to throw uniforms during said times.

5) Defendant : Sirisoli —— Is a person staffing

19

facts (cont.)

Defendant Pasco County's Land O' Lakes Detention facility in supervisory capacity, as captain, and is present throughout the aforesaid storming of the Bravo 600 location and at the conclusion of the deputies' hostile and aggress-ive occupying said Bravo 600, when the men held pretrial detained are compelled to return to and be locked in the cells, Defendant Sirisoli yell and scream a profanity infested speech (it is customary here at said Land O'Lakes detention facility for a deputy(es) to stand in the pod yelling a profanity spackled tirade, essentially breaching the peace and other-wise evincing absence of professionalism). During such time Defendant Sirisoli assert that the incidents of the day transpire at his order and that he order it in response to "inmates writing grievances," not wearing I.D. wristbands, wearing uniforms with the legs of the pants rolled up, and other matters that do not concern any breach of the peace, nor any actual/imminent threat to any man, woman, person, or property, which Defendant Sirisoli assert that such matters avince some loss of control, on the part of deputies, over the facility and that Defendant Sirisoli intend to take back control by any means necessary. Defendant Sirisoli also assert knowledge of "inmates beating the crap out of each other" but conclude by asserting "if that's what y'all want to do y'all go ahead and do it."

Defendant Sirisoli, further, boast of having many resources at his disposal and say now that COVID-19 is over he will liberally use such resources to subjugate the detainee pop-

20

facts (cont.)

ulation to his whims. Then, Defendant Sirisoli again mention the writing of grievances and go on to brag of having cleared out many isolation cells so that they can be used to hold such disfavored detainees; Defendant Sirisoli, further, boast of having been doing the aforesaid things for a long time. While the Plaintiff and other detained men were still at the recreation area location one of the present deputies yell a speech that include: "My captain [i.e. Defendant Sirisoli] is fed up with these grievances, yall not wearing your I.D.s, and wearing your pants rolled up like capris. It's petty, I agree with you, but that's just what it is." Throughout this particular episode said deputies collusively demand that all the detained men refrain from speaking, for the entire approx. hour that we are handcuff restrained on the aforesaid recreation location floor, and threaten retaliation against any of such men who speak; more than one deputy assert to the Plaintiff that said detained men have no right to free speech and that it is lawful for deputies to punish said detained men in consequence of speaking; such is the mindset Defendant Sirisoli unduly instill in the deputies under his charge.

Defendant Sirisoli is present and witness the battery that Defendants "John Doe"-1 and "John Doe"-2 perpetrate against the Plaintiff and while having power to prevent such battery Defendant Sirisoli willfully and maliciously decline to duly execute such prevention, but because De-fendant Sirisoli boast of ordering the entire fiasco, and admit to some perception of loss of control over the

facts (cont.)

facility, based on matters that do not involve any breach of the peace nor any actual/imminent and legitimate security threat, along with expressing intent to use any means to regain control, it is no surprise that Defendant Sirisoli condone said battery. All of the violations that transpire during the aforesaid 06-04-21 occurrence, including the scattering of the Plaintiff's belongings all over the cell to compel the Plaintiff to clean up, without any compensation, the mess left behind by the deputies.

    6) Defendant = Jenkins —— Is a deputy staffing Defendant Pasco County's Land O'Lakes detention facility in capacity as major/Court Services Bureau Administrator and is the chief staffer of said detention facility, thus, any and all of the foregoing violations occur by approval of Defendant Jenkins/by order/rule/regulation/policy/procedure/stipulation implemented by Defendant Jenkins. The aforesaid cold indoor temps, combined with absence of available clothing to keep warm execute by command/approval of Defendant Jenkins. The plainly unlawful perceptions held by the jail deputies that it is lawful to = impose handcuff restraints on men anytime such deputies garner the whim to and without any showing of posing an actual/imminent threat to any man, woman, person, or property; perpetrate battery upon the Plaintiff; throw items at the Plaintiff; punish in consequence of speech; decline medical attention to the Plaintiff; conceal their identity, transpire in consequence of the direction/training of Defendant Jenkins.

Facts (cont'd)

7) Defendants: Nocco; Pasco County Sheriff's office; and Pasco County — Defendant Nocco implements or executes policies/statements/ordinances/regulations/decisions that empowers Defendant Jenkins, Sirisoli, and all the deputies under their charge to perpetrate the aforesaid acts. Defendant Pasco County Sheriff's office and Pasco County is the safe harbor from whence Defendant Nocco and the other Defendants act, and implements or executes the policies/statements/ordinances/regulations/decisions that allow Defendants Nocco, Jenkins, Sirisoli, and the other Defendants to perpetrate the aforesaid violations.

## CONCLUSION

Through communications that transpire on the tablet device various jail deputies consistently express the term "inmate" in reference to the Plaintiff and based on such race or ethnicity/nationality/gender/disability/sexual orientation/political class the Defendants go on the premises of Land O' Lakes detention facility for the purpose of depriving the Plaintiff of the equal protection of the laws, and of equal privileges or immunities under the laws, by means of continuing conspiracy, so that the Defendants act against the Plaintiff as one who has no absolute, unalienable/inalienable, rights. Further, Defendant Pasco County, by willful and intended selection, staff a White and Hispanic persons majority, whom are adversarial and hostile against people perceived as Black/African-American; such as the Plaintiff, so that all of its instruments operate discriminatorily

23

fact (cont.)

against Black/African-American; Defendant Pasco County has for several decades been commonly known as a safe haven for groups such as the klu klux klan. The Plaintiff is and at all times will be at jeopardy of losing life/limb without due process of law while the Defendants enjoy ability to impose contact and custody (which is merely actually pretend custody) upon the Plaintiff.

Because of such racist nature, structure, and organization of Defendant Pasco County the deputies staffing it's Land O' Lakes Detention facility feel free to act with open discrimination against the man pertained African-American/Black and detained therein whereby said deputies encourage detainee-to-detainee violence, by directive of Defendant Sirisoli, evidenced by how they witness disruptions on the brink of violence transpire and in response stand there silently observing such or leave the pod after taking notice of such, only intervening when a white detainee is at risk of suffering violence in the disruption. For instance, on Sat. 06·19·21 at approx. 8:30 AM an African-American/Black detainee have a disagreement with a white detainee about such white detainee stealing his commissary and multiple other detainees attests to hearing said white detainee admit to such theft, nevertheless, the conclusion to this particular episode is that the white deputies send said African-American/Black detainee to administrative segregation and absolutely no consequence is imposed upon said white detainee. Such is the discriminatory and unsafe existing conditions here.

24

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Land D' Lakes detention facility

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes, in theory.

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No. Was told by jail deputies that claims are not grieveable.

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[✓] Yes - On the claim related to Defendants Perez and Marshello but was denied grievance forms otherwise.

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[✓] No

E.    If you did file a grievance:

1.    Where did you file the grievance? On the tablet device.

2.    What did you claim in your grievance? Defendant Perez threw the uniform toward my head area with force and aggression, and the bottom of the pants leg struck into the Plaintiff's eye, causing pressure pain and blurry vision in the Plaintiff's eye. Such transpire to a pattern set by Defendant Perez whereby every week prior to then Defendant Perez threw the uniform toward the Plaintiff's head area.

3.    What was the result, if any? Defendant Marshello unduly cancelled the grievance and the grievance the Plaintiff present re such cancellation is never returned.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* The Plaintiff present a grievance re the cancellation but it is not returned and the grievance procedure is silent re what to do in such an instance.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: In this instances where no grievances are filed it is because the jail staffer decline to render the grievance forms to the Plaintiff, asserting that the claims are not grieveable

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: See facts portion of Complaint.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible. UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA (2013) UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (between 2012-2016)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)* The Plaintiff is out of writing paper to perform, the other lawsuits are brought before the United States District Court for the central dist. Cala

1.    Parties to the previous lawsuit

Plaintiff(s)    Marlon Blacher

Defendant(s)    Ralph Diaz

2.    Court *(if federal court, name the district; if state court, name the county and State)*

the United States District Court  Eastern District of California

3.    Docket or index number

don't remember

4.    Name of Judge assigned to your case

Sheila K. Oberto

5.    Approximate date of filing lawsuit

2012

6.    Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition    2013

7.    What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

The case was dismissed. The case was appealed before the 9th circuit court of appeal.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   06·17·21

Signature of Plaintiff   Marlon Blach, U. C.oi.-i-35R.
Printed Name of Plaintiff   Marlon Blacher
Prison Identification #   C6  548081
Prison Address   Land D' Lakes detention facility
Land D' Lakes                Florida        "34639"
              City                    State          Zip Code

### B.    For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____
              City                    State          Zip Code
Telephone Number   _____
E-mail Address   _____